

# Office of the Attorney General
## State of Texas

DAN MORALES
ATTORNEY GENERAL

April 20, 1992

Honorable Mike Moncrief
Chairman
General Issues Subcommittee
Texas State Senate
P. O. Box 12068, Capitol Station
Austin, Texas 78711-2068

Opinion No. DM-106

Re: Whether services of auctioneers are "professional services" for purposes of laws' governing the awarding of contracts by cities and counties, and related questions (RQ-152)

Dear Senator Moncrief:

You have requested an opinion from this office regarding competitive bidding requirements affecting municipalities, as codified in Local Government Code section 252.021. That section provides in pertinent part the following:

> (a) Before a municipality with 50,000 or more inhabitants may enter into a contract that requires an expenditure of more than $10,000 from one or more municipal funds, the municipality must comply with the procedure prescribed by this chapter for competitive sealed bidding or competitive sealed proposals.

The legal department of the City of Fort Worth maintains that a contract between the city and an auctioneering company for services rendered within the statutory amount must be awarded in accordance with this statute. You have requested our opinion as to whether such services would instead be exempt from the competitive bidding requirements as professional services under Local Government Code section 252.022(a)(4), providing that chapter 252 does not apply to certain expenditures, including "a procurement for personal or professional services."

This office has recognized in previous opinions that "professional services" may encompass more than the services of physicians, attorneys, or others traditionally regarded as "professionals."[1] See Attorney General Opinions JM-940

---

[1] Cf. V.T.C.S. art. 664-4 (Professional Services Procurement Act, prohibiting governmental entities from procuring the services of architects, optometrists, certified public accountants, physicians, surgeons, and registered engineers on the basis of competitive bids).

(1988) at 3 (citing *Maryland Casualty Co. v. Crazy Water Co.*, 160 S.W.2d 102 (Tex. Civ. App.--Eastland 1942, no writ)); MW-344 (1981). Furthermore, opinions such as Attorney General Opinion JM-1136 (1990) have demonstrated that determinations as to whether particular services, other than those covered by the Professional Services Procurement Act, V.T.C.S. art. 664-4, are professional services for competitive bidding purposes, frequently involve fact questions that the opinion process cannot address. *See also* Attorney General Opinion JM-1038 (1989); Letter Opinion No. 90-67 (1990).[2]

In your case, the city of Fort Worth has made a determination, based upon its understanding of the law and facts, that the auctioneering services at issue are not professional services and must therefore be procured through competitive bidding. We find nothing in the law that would preclude such a decision. More importantly, the city could have decided to competitively bid the contract for auctioneering services even if it had come to the opposite conclusion regarding the nature of the services. Section 252.022 of the Local Government Code allows municipalities to exempt professional services from competitive bidding requirements; it does not, however, mandate that they do so. *See Patten v. Concho County*, 196 S.W.2d 833 (Tex. Civ. App.--Austin 1946, no writ) (if competitive bidding laws do not apply to a particular county expenditure, commissioners court has discretion to determine whether or not good management requires use of a competitive bidding process). The only professional services that may not be competitively bid are those covered by the Professional Services Procurement Act. That act does not refer to auctioneering services.

In conclusion, we believe that a municipality has discretion in the first instance to determine whether particular services, other than those covered by article 664-4, V.T.C.S., are professional services for purposes of exemption from competitive bidding requirements under Local Government Code section 252.022. Moreover, we emphasize that Local Government Code chapter 252 serves to require municipalities to competitively bid most procurement contracts; it does not bar municipalities from competitively bidding even those projects that might conceivably be exempt from chapter 252.

---

[2]The cited opinions provide some guidance for determining whether particular services are "professional": included as purveyors of "professional services" are "members of disciplines requiring special knowledge or attainment and a high order of learning, skill, and intelligence." Attorney General Opinion JM-940 at 3. Furthermore, "several cases suggest that it comprehends labor and skill that is 'predominantly mental or intellectual, rather than physical or manual.'" *Id.* (citing *Maryland Casualty Company*).

## SUMMARY

The determination of the city of Fort Worth that auctioneering services are not "professional services" for purposes of exemption from the competitive bidding requirements imposed by Local Government Code chapter 252 is not contrary to law. Moreover, municipalities may procure services through a competitive bidding process even if such services qualify for an exemption under Local Government Code section 252.022, other than those services covered by article 664-4, V.T.C.S.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Faith S. Steinberg
Assistant Attorney General